**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANCISCO MONTANO,

     Petitioner-Appellant,

v.

JAY SHELTON, Warden and
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

     Respondents-Appellees.

No. 97-3091
(District of Kansas)
(D.C. No. 93-CV-3523)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

<sup>*</sup>This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Francisco Montano, appearing *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Montano claims that he is entitled to a writ of habeas corpus on the following grounds: (1) the trial court erred in allowing Montano to be cross examined in English when his primary language is Spanish; (2) the state obtained evidence through statements Montano made to police and through a warrantless search of Montano's home based on unlawful waivers of Montano's rights.[1] In denying Montano's petition, the district court concluded as follows: (1) Montano failed to establish that the trial court rendered his trial fundamentally unfair when it allowed Montano to be cross examined in English because "the trial evidence and [Montano's] cross examination testimony fully demonstrated [Montano's] working understanding and use of English, and . . . [Montano] fail[ed] to identify how the outcome of his trial would have been altered if his cross examination had not been conducted in English with an interpreter available for assistance; and (2) the state court made factual findings, which are presumed correct and may only be set aside if not fairly supported by the record, that Montano sufficiently

---

[1]Montano also asserted the following two claims before the district court: (1) prosecutorial misconduct during the State's closing argument denied him a fair trial; and (2) the trial judge erred in failing to instruct the jury on voluntary intoxication. Montano has, however, affirmatively waived appellate review of these issues by failing to raise or brief these issues in either his application for a certificate of appealability or his brief on appeal.

understood the *Miranda* warnings and the consent form for the search.  Montano appeals.  This court exercises jurisdiction pursuant to 28 U.S.C. § 2253 (1994) and 28 U.S.C. § 1291 and affirms.[2]

This court has reviewed *de novo* Montano's brief, the district court's order, and the entire record on appeal.  Based on that review, we affirm for substantially the reasons set out in the district court's well-reasoned Memorandum and Order dated March 25, 1997.

The judgment of the United States District Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[2]The Supreme Court recently held that the provisions of Chapter 153 of Title 28 of the United States Code, including § 2253(c) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are generally not retroactive. *See Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997).  Because Montano's case was pending on the AEDPA's effective date, he is not subject to the AEDPA, but is instead subject to§ 2253's previous requirement that he obtain a certificate of probable cause.  We grant the certificate of probable cause and proceed to the merits of this case.